for appellant, Mr. A. B. BALDWIN and Mr. J. B. RYAN ; for appellee, Mr. JULIUS GOLDZIER. Opinion filed Feb. 17, 1886.

No. 141—2255. Joseph Schwarzendahl et al. v. George W. Beck. Judgment against appellants and in favor of appellee was entered in the court below by confession under a warrant of attorney appended to a promissory note for $390 besides costs. It appears that $50 of that amount was for attorney's fees provided for in the warrant of attorney, the note being originally for $1,320, which had been reduced by payments, to about $340 as claimed by appellee, and nothing due upon it as claimed by appellants. The latter moved to vacate the judgment and be allowed to plead, and filed affidavits which clearly showed a good defense to the note. The court below overruled the motion and from that order this appeal was taken. The court is of opinion after reading all the affidavits that the motion should have been granted, and the order denying it is reversed and the cause remanded. with directions to the court below to vacate said judgment and allow the defendants therein to plead. Opinion PER CURIAM. Judge below, ROLLIN S. WILLIAMSON. Attorneys, for appellants, Mr. THEODORE SCHINTZ; for appellee, Mr JOHN S. COOK. Opinion filed Feb. 23, 1886.

No. 143—2257. John Roper et al. v. The Globe Pickle Company. This was assumpsit brought by John Roper and others against the Globe Pickle Company to recover damages for the breach of an alleged contract entered into by the defendant with the plaintiffs, for the sale and delivery to the plaintiffs of a certain number of barrels of pickles at certain specified prices. The defendant pleaded non-assumpsit and set-off, the indebtedness sought to be set off being for goods sold and delivered by the defendant to the plaintiff. The trial was had before the court without a jury, and the issues found for the defendants, and a judgment rendered in their favor on their plea of set-off for $87.65 and costs. The only questions presented are mere questions of fact upon which the evidence is conflicting. The main controversy in the case is as to whether the contract set up in the declaration was ever actually entered into by the parties, and on this question two witnesses, the agents of the respective parties, testified ; and their testimony is directly in conflict. The court finds no cir-

cumstances in evidence which seem to afford any material corroboration to either of these witnesses, and the court below, who saw the witnesses and heard them testify, having for reasons satisfactory to himself, seen fit to believe the defendants' witness in preference to the plaintiffs', it is impossible for this court to say that he was not warranted in so doing. Opinion by BAILEY, P. J. Judge below, RICHARD PRENDERGAST. Attorneys, for appellants, Messrs. McCLELLAN & CUMMINS; for appellee, Mr. ALVA A. KNIGHT. Opinion filed Feb. 23, 1886.

No. 24—2293. George W. Cothran et al. v. George H. Harlow. This was an action of assumpsit brought by George H. Harlow against George W. Cothran and Jennie W. Cothran, the declaration consisting only of the common money counts. At the trial, which was had before the court, a jury being waived, the plaintiff dismissed his suit as to said Jennie W. Cothran. No propositions were submitted to the court to be held as the law in the decision of the case, but the court, after hearing the evidence, found the issues for the plaintiff, and assessed his damages against defendant, George W. Cothran, at $7,000, and for that sum and costs the plaintiff had judgment. Affirmed. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for plaintiff in error, Mr. JNO. JEWETT; for defendant in error, Mr. R. A. CHILDS. Opinion filed March 31, 1886.

No. 6—2166. Barnum Blake v. David T. Miller. The only error assigned is, that the court proceeded to the trial of the cause and gave judgment without a replication to the special plea. It does not appear from the certificate of the clerk, that the transcript is a perfect and complete copy of the record. There appears indorsed upon the writ of error, a statement by the clerk that, as his return to said writ, he attached thereto a certified copy of the record and proceedings in the cause, but on examining the clerk's certificate to the document attached, the court finds that it entirely fails to certify that the papers to which it refers, constitute the whole or any part of the record in this cause. The court is not informed and can not judicially know from such certificate that there may not have been a proper replication on file at the date of the trial, and that such replication may not be